

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

FILED

JUN 0 9 2023

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*

*412/644-3500*

---

April 13, 2023

Kristen Leddy, Esquire
Assistant Federal Public Defender
Federal Public Defender's Office
Summit Bank Building
651 Foxcroft Avenue, Suite 202
Martinsburg, WV 25401

Re:   United States of America v.
      Robert F. Crosson
      <u>Northern District of West Virginia Case No. 3:23-cr-6</u>

Dear Ms. Leddy:

This letter sets forth the agreement by which your client, Robert F. Crosson, will enter a plea of guilty in the above-captioned case(s). The letter represents the full and complete agreement between Robert F. Crosson and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Robert F. Crosson will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, <u>et seq.</u> and 28 U.S.C. § 991, <u>et seq.</u> The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Robert F. Crosson, agrees to the following:

        1.    The defendant will enter a plea of guilty to Counts One and Two of the Indictment at Northern District of West Virginia Case No. 3:23-cr-6, charging the defendant with violating 18 U.S.C. §§ 115(a)(1)(B), 115(b)(4)

<div style="border:1px solid black; text-align:center; padding:8px;">

### LIMITED OFFICIAL USE

</div>

Page 2

        (Count One); and 18 U.S.C. § 875(c) (Count Two), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. Within 40 days after Robert F. Crosson enters the plea of guilty, the defendant will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

3. Robert F. Crosson waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Robert F. Crosson may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Robert F. Crosson may take a direct appeal from the sentence.

    Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

4. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of

  the involvement of Robert F. Crosson in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Robert F. Crosson and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon Robert F. Crosson for Count One is:

   (a) A term of imprisonment of not more than 10 years for a threat to kidnap or murder; imprisonment for not more than six (6) years for a threat to assault;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than 3 years; and

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

2. The penalty that may be imposed upon Robert F. Crosson for Count Two is:

   (a) A term of imprisonment of not more than 5 years;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than 3 years; and

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

3. The parties hereby stipulate and agree to the following facts:

   On or about 9th [handwritten] ~~On February 20,~~ 2022, Robert F. Crosson called the Office of United States Senator Joe Manchin, located in Martinsburg, West Virginia, in the Northern District of West Virginia. The call was not answered, so Mr. Crosson left a voicemail message stating: "Hey you motherfucker. A bullet

coming to your head soon. Mr. Coal Industry, how you doing? Build back better, huh? Filibuster, huh? You're a fucking pig."

On May 2, 2022, Special Agents with the FBI interviewed Mr. Crosson. During the interview, Mr. Crosson admitted to making the call and leaving the voicemail message. He acknowledged that he made the call while he was located in the State of New York; thus the threat was transmitted in interstate commerce. Mr. Crosson knowingly and willfully made the call threatening Senator Manchin because he disagrees with Senator Manchin and his political views and official actions; thus, Mr. Crosson made threats with the intent to impede, or interfere with such while engaged in the performance of official duties, and with intent to retaliate against such on account of the performance of official duties. Senator Manchin reasonably perceived the threat as a "true threat."

After the meeting with the FBI, he made no further threats.

4. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case as to each of Counts One and Two is a term of probation of one year, no fine, and a special assessment of $200. The sentences of probation imposed at Counts One and Two shall run concurrently.

Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

The parties further agree that no other enhancements, departures or variances are applicable or appropriate.

Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

5. The parties further agree that the following sections of the Guidelines are applicable in this case:

- Base Offense Level is 12 pursuant to § 2A6.1(a)(1)
- -4 levels pursuant to § 2A6.1(b)(6) (single instance evidencing little or no deliberation)
- -2 levels pursuant to § 3E1.1 (Acceptance of Responsibility)

Thus, the parties agree that Robert F. Crosson's overall offense level under the Sentencing Guidelines is 6.

Page 5

        This agreement is not binding on the Court.

6. The parties agree that Robert F. Crosson has 0 criminal history points and a criminal history category of I.

        This agreement is not binding on the Court.

7. This agreement does not preclude the government from pursuing any civil or administrative remedies against Robert F. Crosson or the defendant's property.

8. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

        Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

This letter sets forth the full and complete terms and conditions of the agreement between Robert F. Crosson and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*
TROY RIVETTI
Acting United States Attorney

*[signature]*
DEMARR W. MOULTON
Assistant United States Attorney

Page 6

I have received this letter from my attorney, Kristen Leddy, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
ROBERT F. CROSSON

5/2/2023
_____
Date

Witnessed by:

_____
KRISTEN LEDDY, ESQUIRE
Counsel for Robert F. Crosson