

FILED
OCT 23 2023
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*          *412/644-3500*

September 27, 2023

Kristen Leddy, Esquire
Assistant Federal Public Defender
Federal Public Defender's Office
Summit Bank Building
651 Foxcroft Avenue, Suite 202
Martinsburg, WV 25401

Re:   United States of America v.
      Robert F. Crosson
      <u>Northern District of West Virginia Case No. 3:23-cr-6</u>

Dear Ms. Leddy:

This letter sets forth the agreement by which your client, Robert F. Crosson, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Robert F. Crosson and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Robert F. Crosson will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, <u>et</u> <u>seq.</u> and 28 U.S.C. § 991, <u>et</u> <u>seq.</u> The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.    The defendant, Robert F. Crosson, agrees to the following:

          1.    The defendant will enter a plea of guilty to Count One of the Indictment at Northern District of West Virginia Case No. 3:23-cr-6, charging the defendant with violating 18 U.S.C. §§ 115(a)(1)(B), 115(b)(4), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

Page 2

2. The defendant acknowledges the defendant's responsibility for the conduct charged in Count Two of the Indictment at Northern District of West Virginia Case No. 3:23-cr-6 and stipulates that the conduct charged in that Count may be considered by the Probation Office or by the Court in calculating the guidelines range and in imposing sentence.

3. Within 40 days after Robert F. Crosson enters the plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

4. The defendant will immediately notify the Court and the United States Attorney of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

5. Robert F. Crosson waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Robert F. Crosson may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Robert F. Crosson may take a direct appeal from the sentence.

    Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

    Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

6. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives

       any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

  B.  In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

    1.  After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States Attorney will move to dismiss the remaining count of the Indictment at Northern District of West Virginia Case No. 3:23-cr-6, without prejudice to its reinstatement if, at any time, Robert F. Crosson is permitted to withdraw the defendant's plea of guilty. In that event, Robert F. Crosson waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

    2.  The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Robert F. Crosson in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

    3.  The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

    4.  The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

  C.  Robert F. Crosson and the United States Attorney further understand and agree to the following:

    1.  The penalty that may be imposed upon Robert F. Crosson for Count One is:

      (a)  A term of imprisonment of not more than 10 years for a threat to kidnap or murder; imprisonment for not more than six (6) years for a threat to assault;

      (b)  A fine of not more than $250,000;

      (c)  A term of supervised release of not more than 3 years; and

Page 4

        (d)    A special assessment under 18 U.S.C. § 3013 of $100.

2.    The parties hereby stipulate and agree to the following facts:

On or about February 9, 2022, Robert F. Crosson called the Office of United States Senator Joe Manchin, located in Martinsburg, West Virginia, in the Northern District of West Virginia. The call was not answered, so Crosson left a voicemail message stating: "Hey you motherfucker. A bullet coming to your head soon. Mr. Coal Industry, how you doing? Build back better, huh? Filibuster, huh? You're a fucking pig."

On May 2, 2022, Special Agents with the FBI interviewed Crosson. During the interview, Crosson admitted to making the call and leaving the voicemail message. He acknowledged that he made the call while he was located in the State of New York; thus the threat was transmitted in interstate commerce. Crosson knowingly and willfully made the call threatening Senator Manchin because he disagrees with Senator Manchin and his political views and official actions; thus, Crosson made threats with the intent to impede, or interfere with such while engaged in the performance of official duties, and with intent to retaliate against such on account of the performance of official duties. Senator Manchin reasonably perceived the threat as a "true threat."

After the meeting with the FBI, Crosson made no further threats to Senator Manchin.

3.    The parties agree that Robert F. Crosson has 0 criminal history points and a criminal history category of I.

This agreement is not binding on the Court.

4.    This agreement does not preclude the government from pursuing any civil or administrative remedies against Robert F. Crosson or the defendant's property.

5.    If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

Page 5

        Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

6.        The parties agree that, although a charge is to be dismissed pursuant to this agreement, Robert F. Crosson is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Robert F. Crosson waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between Robert F. Crosson and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

ERIC G. OLSHAN
United States Attorney

*[signature]*

DEMARR W. MOULTON
Assistant United States Attorney

I have received this letter from my attorney, Kristen Leddy, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature]*
_____
ROBERT F. CROSSON

10/23/23
_____
Date

Witnessed by:
*[signature]*
_____
KRISTEN LEDDY, ESQUIRE
Counsel for Robert F. Crosson