**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4180

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT F. CROSSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00006-GMG-RWT-1)

Submitted:  September 12, 2024                        Decided:  September 16, 2024

Before THACKER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Laura Schleich Irwin, Assistant United States Attorney, Jonathan R. Bruno, OFFICE OF THE UNITED STATES ATTORNEY, Pittsburgh, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

    Robert Crosson pled guilty, pursuant to a written plea agreement, to influencing a federal official by threat, in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4). The district court sentenced Crosson to 16 months' imprisonment—a sentence at the top of the properly calculated advisory Sentencing Guidelines range. On appeal, Crosson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Crosson's sentence. Crosson was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Crosson's plea agreement. We affirm in part and dismiss in part.

    "We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

    Our review of the record confirms that, with limited exceptions not applicable here, Crosson knowingly and intelligently waived his right to appeal his conviction and sentence.

We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises in the *Anders* brief falls squarely within the scope of the waiver. Additionally, to the extent that counsel challenges the district court's rejection of an earlier plea agreement tendered by the parties, Crosson waived any challenge to the earlier proceeding by subsequently pleading guilty. *See United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) ("When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside the scope of the appellate waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and otherwise affirm. This court requires that counsel inform Crosson, in writing, of the right to petition the Supreme Court of the United States for further review. If Crosson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crosson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*